IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECIL CHARLES CASEL, § | | |
| #58369-177, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:24-CV-1258-B-BK | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| DEFENDANT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Before the Court is Plaintiff Cecil Charles Casel's Second Amended Complaint. Doc. 9.

On May 22, 2024, the Court construed Plaintiff's motion for return of seized property under FED. R. CRIM. P. 41(g) as a *civil action against the United States* under the court's general equity jurisdiction pursuant to 28 U.S.C. § 1331. Doc. 2. In the amended complaint, Plaintiff properly names the United States as a Defendant and requests the return of $26,000 cash seized at the time of his arrest. Doc. 9 at 1, 4. The amended complaint, however, also names as Defendants with little elaboration Agent John Jones, Federal Prosecutor Rebekah Ricketts, Federal Judge Jane J. Boyle, and the Fort Worth Police Department. Doc. 9 at 3-4. Indeed, Plaintiff pleads no claim for relief against these defendants. Doc. 9 at 4.

That notwithstanding, Plaintiff's claims lack facial plausibility and should be dismissed for failure to state a claim. As an initial matter, any claim for monetary damages against the

federal defendants in their official capacity would be barred by absolute immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (quotations and citations omitted)); *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").

Further, any claim against Judge Boyle for her actions as the trial judge is also barred, because such action was performed in the judge's judicial capacity and function. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Likewise, any claims against the federal officials in their individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is time barred. Because Casel alleges the events occurred in 2018, the deadline for filing a *Bivens* suit was no later than 2020. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in *Bivens* action is two years, the limitations period governing personal injuries under Texas law); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions).

Finally, the Fort Worth Police Department is a non-suable entity. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

Accordingly, Plaintiff's claims, if any, against Defendants Agent John Jones, Federal Prosecutor Rebekah Ricketts, Federal Judge Jane J. Boyle, and the Fort Worth Police Department should be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for failure to state a claim.

**SO RECOMMENDED** on July 18, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).