IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECIL CHARLES CASEL, #58369-177, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-1258-B-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition when appropriate. Before the Court is Defendant United States of America's *Motion for Summary Judgment*. Doc. 30. For the reasons stated below, the United States' motion for summary judgment should be **GRANTED**.[1]

## I. BACKGROUND

Plaintiff Cecil Charles Casel is serving a 175-month sentence of imprisonment, after having pled guilty in this Court in 2021 to an attempted child sex trafficking charge. Doc. 31 at 10; Doc. 32 at 72-78 (App 068-074); Doc. 41; *see United States v. Casel*, 3:19-cr-125-B (N.D. Tex.). In 2024, Casel filed a *pro se* motion under Federal Rule of Criminal Procedure 41(g) in his criminal case, seeking the return of (1) $26,000.00, (2) a wallet, and (3) a driver's license contained within the wallet, which he contends were all seized at the time of his 2018 arrest for

---

[1] The Government argues that Casel's Rule 41(g) motion should be dismissed for lack of jurisdiction. Doc. 31 at 7. Alternatively, if the Court construes Casel's motion as a challenge to the forfeiture itself, the Government seeks dismissal on grounds that Casel fails to meet the requirements to challenge the forfeiture under 18 U.S.C. § 983. Doc. 31 at 25-26.

the offense of conviction and ultimately administratively forfeited.  Doc. 3; Doc. 31 at 12-13.

The Court liberally construed Casel's motion as a civil action in equity for return of seized

property under 28 U.S.C. § 1331, and opened this case.  Doc. 2.  Subsequently, Casel filed an

amended complaint in this action seeking to recover the same property.  Doc. 9.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for

summary judgment has the initial burden of "informing the district court of the basis for its

motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

absence of a genuine issue of material fact."  *Id.* at 323 (citation omitted).

Once the moving party has properly supported its motion for summary judgment, the

burden shifts to the nonmoving party to "come forward with specific facts showing that there is a

genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (internal quotes omitted).  "Where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is no 'genuine issue for trial."  *Id.* (citation

omitted).  The Court "must view the evidence introduced and all factual inferences from the

evidence in the light most favorable to the party opposing summary judgment, but a party

opposing summary judgment may not rest on mere conclusory allegations or denials in its

pleadings."  *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (internal alterations

omitted) (quoting *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

### III. ANALYSIS

#### A.  Government Is Entitled to Summary Judgment as to the Wallet and License

The Government has moved for summary judgment on Casel's claim for the return of the wallet and driver's license, arguing that it never seized or took possession of Casel's wallet or driver's license and that those items were instead transferred to the Tarrant County Jail by the Fort Worth Police Department after Casel's 2018 arrest.  Doc. 31 at 23.  In support, the Government proffers the affidavit of Homeland Security Special Agent John P. Jones, in which he avers that he and Special Agent John Kochan were present at the time of Casel's initial arrest; but that neither of them seized or took possession of Casel's wallet or driver's license at "any time during the investigation."  Doc. 32 at 18-19.

In his response, Casel objects, merely asserting that he was interviewed by Special Agent Jones.  Doc. 36 at 3.  However, Casel offers no evidence that Special Agent Jones or any other federal agent ever took possession of the wallet or license.

When the Government shows that it does not possess property subject to a Rule 41(g) motion, summary judgment is appropriate.  *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) (observing that the Government cannot return property that it does not possess); *United States v. Mtaza*, 849 F. App'x 463, 468 (5th Cir. 2021) (same).  Consequently, here, no genuine dispute as to any material fact exists regarding the Government's lack of possession of the wallet and driver's license.  Thus, the Government's motion for summary judgment on Casel's claim for the return of his wallet and driver's license should be granted.

#### B.  The Government Is Also Entitled to Summary Judgment on Casel's Claim for Return of the U.S. Currency Seized.

The Government is also entitled to summary judgment as to the cash seized and subsequently forfeited because there was no due procedural due process violation as relates to

3

the administrative forfeiture proceedings.

When an administrative forfeiture is complete, as here, "a district court may review only 'whether the forfeiture comported with constitutional due process guarantees.' " *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (quoting *Kadonsky v. United States*, 216 F.3d 499, 506 (5th Cir. 2000)).  Due process "requires the [Government] merely to publish notice of the administrative forfeiture and send notice to 'each party who appears to have an interest in the seized article.' " *Kadonsky*, 216 F.3d at 503 (quoting 19 U.S.C. § 1607(a)).  The notice sent must be " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Barrera–Montenegro v. United States*, 74 F.3d at 657, 660 (5th Cir. 1996) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing constitutionally adequate notice)).  The party then has to timely file a claim to the property, otherwise "the property is summarily forfeited to the government." *Robinson*, 434 F.3d at 362 (citing *Barrera–Montenegro*, 74 F.3d at 660; 19 U.S.C. § 1609(a)).

In this case, the Government has all but conceded that its written notice to Casel was inadequate.  The notice was sent to the Fort Worth Police Department, the agency that arrested Casel but not where Casel was held after his arrest.[2]   However, in 2019, the Government also posted online notice of its intent to administratively forfeit the $25,628.59 in cash as property involved in activities relating to the sexual exploitation of minors under 18 U.S.C. §§ 981, 1956, 1961, and 2252.  Doc. 31 at 12.  Moreover, it is clear from the record in this case that Casel had

---

[2] The Government avers that the address it mailed notice to, was the address on file in Casel's CBP records and that it did not discover it was the Fort Worth Police Department, which merely houses various police records, until after the instant litigation commenced.  Doc. 31 at 12.

actual notice of the Government's intent to seek forfeiture of the currency seized,[3] and that he knowingly and voluntarily waived his right to contest and receive notice of any such forfeiture as part of his subsequent Plea Agreement with the Government.

As proffered by the Government in its appendix, Casel's Plea Agreement, filed January 26, 2021, contained the following provision:

> The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty. The defendant further agrees that any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the charged offense is subject to forfeiture under 18 U.S.C. § 1594(d). The defendant consents to entry of any orders or declaration of forfeiture regarding such property and **waives any requirements (including notice of forfeiture)** set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure…. **The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property**.

Doc. 32 at 5 (emphasis added).

At his rearraignment hearing on February 10, 2021, before the presiding district judge and while under oath, Casel confirmed his intention to waive his right to contest, challenge, or appeal any subsequent forfeiture of his property, specifically the seized currency, as set out in his written Plea Agreement. Doc. 32 at 60-61, 63-64; *see also Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. . . ."). And while Casel does not suggest in his response that he did not receive adequate notice of the forfeiture, Doc. 33, *passim*, any such claim would be fruitless in light of the foregoing.

---

[3] The evidence shows that the Government only seized and forfeited $25,628.59, not $26,000 as Casel has alleged. Doc 32 at 18, 98, 100 (App. 014, 094, 096).

## IV. CONCLUSION

For the reasons outlined here, the Court concludes that there is no genuine issue as to any material fact, and the Government's *Motion for Summary Judgment*, Doc. 30, should be **GRANTED**. Accordingly, Casel's construed Title 18 U.S.C. Section 983(e) motion to set aside the forfeiture should be **DENIED**, and this case should be **CLOSED**.

**SO RECOMMENDED** on February 17, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).